IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JONATHAN GIBSON, <br> 1230 Miegs Place, NE, Apt. 2, <br> Washington, DC 20002, <br><br> Plaintiff, <br><br> v. <br><br> THE DISTRICT OF COLUMBIA, <br> 1350 Pennsylvania Avenue, NW, <br> Washington, DC 20004, <br><br> and <br><br> DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Avenue, NW, <br> Washington DC 20530, <br><br> and <br><br> ONE OR MORE JOHN DOES, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Case No: _____ |

## COMPLAINT

Plaintiff Jonathan Gibson, by and through Sulton Law Offices, PLLC, brings this action for monetary damages resulting from his overdetention at DC Jail from July 24, 2015, to July 27, 2015.

### JURISDICTION AND VENUE

1. This action is filed pursuant to the Fourth Amendment, Fifth Amendment, 42 U.S.C. §1983, and other federal and District tort laws. This Court is vested with jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1367.

1

2. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

**PARTIES**

3. Plaintiff Jonathan Gibson is an adult resident of the District of Columbia. He was wrongfully imprisoned at the DC Jail[1] from July 24, 2015, to July 27, 2015.

4. Defendant District of Columbia ("DC") is a municipal corporation that can be sued pursuant to D.C. Code § 1-102. It was timely notified of this claim pursuant to DC Code § 12-309 on October 27, 2015. The Department of Corrections ("DOC") is a component of DC and operates the DC Jail. The Records Office at DC Jail is responsible for ensuring prisoners are released on time.

5. Defendant Department of Justice ("DOJ") is a department of the Executive Branch of the United States Government. The United States Parole Commission ("USPC") and the Federal Bureau of Prisons ("BOP") are components of Defendant DOJ. When a person is taken into custody as a federal prisoner on a parole warrant, USPC and BOP are responsible for ensuring custodians and jailers like DOC are notified of that person's

---

[1] DC Jail is located at 1901 D Street, in Southeast Washington, DC.

The jail imprisons roughly 1,000 to 2,500 men (more than 90% of whom are African American) who are awaiting a trial, awaiting sentencing, awaiting a parole hearing, or serving a sentence of less than one year. It also houses out-of-state prisoners whose presence is required in DC temporarily, to testify as witnesses or to attend hearings on post-conviction relief.

The living conditions at DC Jail are abysmal. It is filthy. It is unbearably hot in the summer months. Inmates are not always well protected from violence. Infectious diseases are not always well contained. Solitary confinement is grossly overused. Few prisoners are allowed visitation; none are allowed physical contact with family members or friends. Educational services are not provided, even to persons under 22 years old who are entitled to them. No real opportunities for betterment or advancement are made available to those in need.

release date. BOP uses a Designation & Sentence Computation Center ("DSCC") to calculate release dates and communicate with jailers on its behalf.

6. Defendants One or More John Does are individuals, agencies, and entities responsible for ensuring Mr. Gibson's timely release from DC Jail on July 24, 2015.

## COUNT I (Defendant DOJ)
## Breach of Contract

7. Plaintiff incorporates here all paragraphs alleged above.

8. On March 25, 2015, Mr. Gibson was taken into custody on a parole warrant.

9. Shortly thereafter, Mr. Gibson and USPC entered a written contractual agreement called an Expedited Revocation.

10. The agreement required that Mr. Gibson forgo his right to a parole revocation hearing, in exchange for a swift and certain sanction: a term of imprisonment of 4 months from the date the parole warrant was executed (March 25, 2015), to be followed by a period of supervised release.

11. After being informed of his July 24, 2015, release date, Mr. Gibson awaited it eagerly and planned his life in reliance on that information.

12. However, DOJ did not take any steps to inform DOC of Mr. Gibson's release date of July 24, 2015, and instead left him to languish in DC Jail.

13. When he was not released on July 24, 2015, Mr. Gibson was terrified that he would be held indefinitely. He longed to see his family and resume employment. He feared he would be punished for not timely complying with other court orders that required him to report to various offices in person.

3

14. Mr. Gibson told personnel at DC Jail that he was being detained unlawfully and was ignored.

15. Through counsel, Mr. Gibson immediately notified DC Jail, DOC, USPC, BOP, the Superior Court for the District of Columbia, the United States Marshals Service, and the Public Defender Service for the District of Columbia that his detention was unlawful.

16. For four days, Mr. Gibson had no assurance that he would be released at any specified time.

17. Mr. Gibson was finally released on July 27, 2015, only after attorneys advocated on his behalf.

18. Defendant DOJ breached the contract, causing damages and other losses to Plaintiff, including but not limited to depriving Plaintiff of the benefits of Plaintiff's bargain.

19. As a direct, foreseeable, and proximate result of the unlawful conduct complained of herein, Plaintiff suffered injuries, damages and other losses, including but not limited to severe mental anguish and emotional distress. These injuries, damages and other losses continue into the present and will continue into the foreseeable future. Plaintiff requests relief as hereinafter provided.

## COUNT II (All Defendants)
### Negligence

20. Plaintiff incorporates here all paragraphs alleged above.

21. Defendants had a duty to immediately release people that they had no legal authority to detain.

22. Defendants breached their duty to exercise reasonable care when they:

    a. failed to communicate about Mr. Gibson's release date (BOP did not share and DOC did not seek a computation of Mr. Gibson's release date until four days after they were notified that he was being held unlawfully);

    b. ignored Mr. Gibson's claims that he was being unlawfully detained (the Records Office could have simply called BOP to verify his claim); and

    c. failed to maintain a system to prevent overdetention of inmates.[2]

23. As a direct, foreseeable, and proximate result of the unlawful conduct complained of herein, Plaintiff suffered injuries, damages and other losses, including but not limited to severe mental anguish and emotional distress. These injuries, damages and other losses continue into the present and will continue into the foreseeable future. Plaintiff requests relief as hereinafter provided.

### COUNT III (All Defendants)
### Negligent Training and Supervision

24. Plaintiff incorporates here all paragraphs alleged above.

25. Defendants had a duty to train and supervise employees.

26. Defendants breached their duty to exercise reasonable care by:

    a. Failing to adopt policies for its employees to ensure release dates are timely calculated;

---

[2] An example of such a policy would be for DC Jail to maintain a very simple, two-column spreadsheet. In one column, list each inmate's name. In the other column, list the next legally significant date: the person's next hearing date *or* the person's release date. If a person, like Mr. Gibson, does not have a hearing date, it is then obvious that a release date must be calculated. The Records Office can immediately reach out to the courts and/or DSCC to request the computation packet. This simple method would take few resources and reduce error considerably.

      b. Failing to adopt policies for its employees to ensure that prisoners are timely released;

      c. Failing to provide formal training to employees on processing prisoner releases;

      d. Failing to supervise employees in their performance of processing Mr. Gibson's prisoner release;

      e. Failing to discipline employees for employee errors in processing release orders; and

      f. Failing to investigate overdetentions.

27. It was foreseeable to the District of Columbia that the failure to properly train and supervise its employees would result in the overdetention of prisoners, such as Mr. Gibson, and cause those prisoners harm.

28. As a direct, foreseeable, and proximate result of the unlawful conduct complained of herein, Plaintiff suffered injuries, damages and other losses, including but not limited to severe mental anguish and emotional distress. These injuries, damages and other losses continue into the present and will continue into the foreseeable future. Plaintiff requests relief as hereinafter provided.

**COUNT IV (DC)**
**False Imprisonment**

29. Plaintiff incorporates here all paragraphs alleged above.

30. DC unlawfully deprived Mr. Gibson of his liberty by placing him in a detention facility where he was restrained against his will.

31. As a direct, foreseeable, and proximate result of the unlawful conduct complained of herein, Plaintiff suffered injuries, damages and other losses, including but not limited to

severe mental anguish and emotional distress. These injuries, damages and other losses continue into the present and will continue into the foreseeable future. Plaintiff requests relief as hereinafter provided.

### COUNT V (All Defendants)
### 42 U.S.C. § 1983 Claim for Violations of the Fourth and Fifth Amendments

32. Plaintiff incorporates here all paragraphs alleged above.

33. Defendants have a custom, policy, and practice of overdetention.

34. DC now has a long and well-documented history of holding inmates past their release dates. *Bynum v. District of Columbia*, 412 F. Supp. 2d 73, (D.D.C. 2006).

35. So does BOP. *Review of the Federal Bureau of Prisons' Untimely Releases of Inmates*, Office of the Inspector General (May 2016)(available online at https://oig.justice.gov/reports/2016/e1603.pdf)

36. Even following class action lawsuits and multi-million-dollar settlements on this very issue, and even after being presented with best practices that would ensure greater accuracy, DC has not improved its policies and practices in any meaningful way. Defendants still maintain a release system that disregards the interests of inmates in promptness, delays releases unnecessarily, and frequently results in overdetention.

37. They still maintain a training and supervision model that breeds error, ignores the voices of inmates, and is deliberately indifferent.

38. Defendants deprived Mr. Gibson of his constitutional rights to liberty and due process of law by detaining him beyond his release date.

39. Defendants acted under color of law and acted or purported to act in the performance of official duties under federal, state, county or municipal laws, ordinances, or regulations.

40. Defendants' conduct violated clearly established constitutional rights of which Defendants knew, or of which a reasonable public official should have known.

41. Defendants' conduct demonstrated a deliberate indifference to the constitutional rights of the inmates at the DC Jail and Mr. Gibson particularly, by failing to take any steps to remedy the ongoing constitutional violations occurring from the overdetentions.

42. The actions, omission, policies, patterns, practices and customs of Defendants, complained of herein were intentional, reckless, and show a callous disregard for, or deliberate indifference to Mr. Gibson's personal safety, security, freedom, and civil and constitutional rights.

43. These violations are compensable pursuant to 42 U.S.C. § 1983.

44. As a direct, foreseeable, and proximate result of Defendant's unlawful conduct complained of herein, Plaintiff suffered injuries, damages and other losses, including but not limited to severe mental anguish and emotional distress. These injuries, damages and other losses continue into the present and will continue into the foreseeable future. Plaintiff requests relief as hereinafter provided.

**RELIEF REQUESTED**

Wherefore, Plaintiff respectfully requests that this honorable Court enter judgment against Defendants and provide the following relief:

A. An order that Defendants pay, jointly and severally, all damages Plaintiff sustained as a result of the unlawful actions complained of herein, including, but not limited to damages for mental anguish and emotional distress and punitive damages, plus pre- and post-judgment interest and any applicable statutory penalties;

B. An order that Defendants pay all costs of action incurred herein, including reasonable attorneys' fees and expert fees to the extent available under the laws of the District of Columbia;

C. Retention of jurisdiction over this action to assure full compliance with the Orders of the Court; and

D. Such other and further legal and equitable relief as this Court deems just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all causes of action and claims with respect to which Plaintiff has a right to jury trial.

Dated this 22nd day of July, 2016.

**SULTON LAW OFFICES, PLLC**

**s/PATRICE A. SULTON**
Patrice A. Sulton, Esq.
DC Bar # 990606
601 Pennsylvania Avenue, NW
Suite 900 South
Washington, DC 20004
Telephone: (202) 681-8783
Email: patrice.sulton@sultonlaw.com

**Plaintiff's Attorney**